United States District Court
Southern District of Texas
**ENTERED**
May 31, 2018
David J. Bradley, Clerk

```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

CAROL L. SHAVERS,                §
                                 §
    Plaintiff,                   §
                                 §
v.                               §    CIVIL ACTION NO. H-17-2591
                                 §
STATE OF TEXAS, et al.,          §
                                 §
    Defendant.                   §

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant Leme Properties, Inc.'s ("LPI") Motion to Dismiss (Doc. 9), Defendant Ivonne Thomas's ("Thomas") Motion to Dismiss (Doc. 17), Defendants Angel L. Reyes and Associates, P.C. ("Angel Reyes and Associates") and Chance Oliver's ("Oliver") Motion to Dismiss (Doc. 26), and Defendant HSBC Bank USA, National Association, as Indenture Trustee for People's Choice Home Loan Securities Trust Series 2005-4's ("HSBC") Motion to Dismiss (Doc. 38).[2] The court has considered the motions, the response, the replies, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED**.

### I. Case Background

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 13, Ord. Dated Oct. 5, 2017.

[2] Additionally, the State of Texas's Motion to Dismiss (Doc. 11) is still listed as a pending motion. However, on March 15, 2018, the court held a hearing and Plaintiff admitted that she did not intend to sue the State of Texas, and the court subsequently removed the State of Texas as a party in this action. Doc. 33, Min. Entry Ord. Dated Mar. 15, 2018. Therefore, the State of Texas's motion to dismiss is **MOOT**.

Plaintiff filed this action alleging that Defendants Judge Kent Adams ("Judge Adams"), Thomas, James Coleman ("Coleman"), Oliver, HSBC, Angel Reyes and Associates, and LPI violated Plaintiff's due process rights under 42 U.S.C. § ("Section") 1983 in connection with the foreclosure and eviction of Plaintiff from her home.[3]

Plaintiff generally alleges that:

> Defendants all conspired together in fraud, forged deed, fraudulent eviction, fraudulent hearing, misrepresentation, retrying of case previously dismissed for lack of subject matter jurisdiction case(EV41C0200953, appeal SC41C0200953 also dismissed), thief by deception case(EV41C0204860), abuse of judicial power, wire fraud.
>
> Defendants worked together tampering with land deed record and tax records and eviction court record, violation of due process, receiving stolen property.[4]

Plaintiff alleges that Judge Adams wrote, without authority, a "void order" that gave HSBC immediate possession to her property; Thomas "tamper[ed] with government records and fil[ed] fraudulent documents and summary judgements [sic];" Coleman "[broke] and enter[ed] [Plaintiff's] home without cause," seized her property, and threatened her; Oliver, LPI, and HSBC filed forged and fraudulent documents and received stolen goods; and Reyes tampered with government documents.[5] In her complaint, Plaintiff identifies

---

[3]   See Doc. 1, Pl.'s Compl.

[4]   Id. p. 6.

[5]   Id. pp. 6-8.

that the wrongful actions in this case took place in November 2012, December 2012, January 2013, April 2013, May 2013, and August 2013.[6]  Specifically, Plaintiff alleges that on August 21, 2013, she was forcefully evicted from her home.[7]

## II.  Dismissal Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550

---

[6]  See id. p. 8.

[7]  See id.

3

U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

### III. Analysis

In order to prevail on a claim under Section 1983,[8] a plaintiff must establish that the defendant deprived the plaintiff of his constitutional rights while acting under the color of state law. Moody v. Farrell, 868 F.3d 348, 351 (5th Cir. 2017). The statute creates no substantive rights but only provides remedies for deprivations of rights created under federal law. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

Section 1983 does not contain a prescribed statue of limitations. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). Rather, "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." Id. (citing Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993)). Texas's statue of limitations for personal injury claims is two years. Id.; Tex. Civ. Prac. & Rem. Code § 16.003(a). This period

---

[8] The provision reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

commences when the plaintiff "knows or has reason to know of the injury which is the basis of the action." Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989)(citations omitted).

Defendants assert various arguments in their motions to dismiss challenging Plaintiff's claims, including: (1) Plaintiff's claims were expired under the applicable statute of limitations; (2) Plaintiff failed to adequately plead her claims; (3) Plaintiff's claims are barred by res judicata; and (4) some Defendants are not state actors and therefore Section 1983 is not applicable.

Numerous problems exist with Plaintiff's complaint; namely, she brought a lawsuit in this court four years ago against Defendants HSBC and Angel Reyes and Associates involving the same events alleged in this case.[9] Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[10] Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005)). However, even more evident from the face of Plaintiff's complaint is the fact that her claims are all time-barred under Section 1983's statute of limitations. The latest event Plaintiff alleges was the eviction on August 21, 2013.

---

[9] See Shavers v. HSBC Bank USA Nat'l Ass'n et al., Civ. Action No. H-13-1601 (S.D. Tex. May 28, 2013).

[10] The elements of res judicata include: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." Comer v. Murphy Oil USA, Inc., 718 F.3d 460, 467 (5th Cir. 2013)(quoting Singh, 428 F.3d at 571).

The statute of limitations for Section 1983 claims is two years; however, she waited until four years later to file this lawsuit on August 21, 2017. Therefore, as Plaintiff's claims are all time-barred under Section 1983's statute of limitations, this lawsuit should be dismissed in full.[11]

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' motions to dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31st day of May, 2018.

---

[11] As Plaintiff's claims are all time-barred under the statute of limitations, the court will not reach Defendants' other arguments raised in their motions to dismiss. Additionally, Defendants Judge Adams and Coleman have not filed motions to dismiss; in the hearing on March 15, 2018, it was brought to the court's attention that Judge Adams is deceased. However, it is clear that the claims against them are time-barred as well; the court will not keep this lawsuit pending for clearly time-barred claims.

U.S. MAGISTRATE JUDGE